Assuming that the mortgage given by Benjamin Cooper to Spaulding for purchase money, was of no force or validity, because the legal title did not vest in him as was supposed at the time, but vested in Mary Cooper, yet under the circumstances, a lien in equity attached to the land in her hands in favor of Spaulding the grantor, for such unpaid purchase money. This lien remained unimpaired to the amount of $181, when the Coopers afterwards executed a second mortgage on the same premises, to Mary Rawson; and when the present plaintiffs became possessed of both the Spaulding lien, and the second mortgage by assignments, *Page 463 
it was certainly competent for them to treat and regard both as subsisting incumbrances against the Coopers, and against all others who might claim under them. They did so treat them, for when they sold the property under the statutory foreclosure, by virtue of the power of sale contained in the second mortgage, they sold it, subject to the prior lien of $181, balance remaining of the original purchase money, and the appellant Lampman became the purchaser, with express notice at the time of sale, of such lien and of the amount, and regulated his bid so as to keep the amount in his own hands out of what was then deemed the fair value of the property. There can be no doubt about his having acquired the title in that way, with the $181 remaining charged upon the property as an equitable lien at least. The judgment below is therefore correct.
Judgment affirmed.